John MANCHESTER et al., Appellants,

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS et al., Appellees.

No. 5866.

Court of Civil Appeals of Texas, Waco.

June 22, 1978.

Rehearing Denied July 14, 1978.

Frederick M. Baron, Dallas, for appellants.

L. N. D. Wells, Jr., Mullinax, Wells, Mauzy & Baab, Inc., Dallas, for appellees.

## OPINION

JAMES, Justice.

This is a libel and slander case. Plaintiff-Appellants John Manchester and the Air Line Employees Association International Union (hereinafter called "ALEA") brought this suit in a District Court of Dallas County against Defendant-Appellees James R. Haga and the International Association of Machinists and Aerospace Workers, Air Line District 146 (hereinafter called "IAM"). Plaintiffs Manchester and ALEA alleged that the Defendants published and disseminated untrue and false statements concerning the Plaintiffs; moreover, it was alleged by Plaintiffs that such defamatory material was known by the Defendants to be false or in reckless disregard for the truth. Plaintiffs sought actual damages for the injury to their good name, reputation and business, and exemplary damages for the wilful and malicious character of the acts.

The Defendants filed special exceptions to Plaintiffs' pleadings, two of which assert that Plaintiffs failed to allege a cause of action because: (1) Plaintiffs' claim is one that has been pre-empted by Federal law, and (2) the publications of which Plaintiffs complain are absolutely privileged.

The trial court sustained the Defendants' special exceptions hereinabove referred to and dismissed Plaintiffs' case because of Plaintiffs' failure to "state a cause of action of which this court has jurisdiction," and, further, because "the publications of which Plaintiffs complain are privileged in the circumstances alleged." From said order of dismissal Plaintiffs appeal upon two points of error, to wit, the trial court erred in dismissing the cause for want of jurisdiction in that (1) Plaintiffs have properly plead a claim that is not pre-empted by Federal law (here, the Railway Labor Act); and (2) the publications of which Plaintiffs complain are not absolutely privileged in the circumstances alleged by Plaintiffs. We sustain these contentions, and thereby reverse and remand the cause for reinstatement on the trial court's docket for trial on the merits.

Plaintiff Manchester is an officer and director of Plaintiff ALEA. Defendant Haga is an officer of Defendant IAM. During the summer of 1976, a Federal representation election was in progress, to decide whether ALEA or IAM would be the union representative for certain airline workers. For some time prior to the elec-

tion, ALEA had represented the workers in question, and IAM was seeking to replace ALEA as the union representative of said workers.

Plaintiffs alleged that the publication complained of was made to "several hundred members" of ALEA in the form of a "News Bulletin" or "Fact Sheet." Plaintiffs alleged that Defendant Haga, acting in concert with and at the direction of Defendant IAM published such "Fact Sheet," stating, among other things, that a certain "ALEA Director was employed as a mechanic (?) with American Airlines ___ and was fired with serious charges, so serious ____ no grievance was filed ____;" and that "he tried to form an independent mechanics' union, but it was reported he stole away in the night with the funds in February 1965 ___" and that, further, "although he had never attended one negotiating session in his life, nor had he ever served one day as a shop steward, he was hired by ALEA." Manchester was never called by name in the publications complained of; however, Plaintiffs alleged that it was obvious to the great majority of individuals who received the publication that the person referred to therein was Plaintiff Manchester. As stated before, Plaintiffs alleged that Defendants intentionally published and disseminated information known to them to be false or in reckless disregard for the truth. These publications were distributed by Defendants directly to members of Plaintiffs' organization during the time of said election campaign.

We revert to Plaintiff-Appellants' first point, to wit, the contention that Plaintiffs have alleged a cause of action not pre-empted by Federal law. We sustain this contention.

The general rule concerning the pre-emption doctrine was set forth by the United States Supreme Court in *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959):

"When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by Sec-

tion 7 of the National Labor Relations Act, or constitute an unfair labor practice under Section 8, due regard for the federal enactment requires that state jurisdiction must yield. To leave the States free to regulate conduct so plainly within the central aim of federal regulation involves too great a danger of conflict between power asserted by Congress and requirements imposed by state law." Also see *Farmer v. United Brotherhood of Carpenters and Joiners of America, Local 25* (1977) 430 U.S. 290, 97 S.Ct. 1056, 1061, 51 L.Ed.2d 338. Although the statute pertinent to the case at bar is the Railway Labor Act, 45 U.S.C. sections 151–188, rather than the National Labor Relations Act, the policies embraced in the National Labor Relations Act may be referred to in order to determine whether conduct is within the general penumbra of conduct held protected under the Act or whether it is beyond the pale of any activity thought permissible. See *Brotherhood of Railway Trainmen v. Jacksonville Terminal Co.* (1969) 394 U.S. 369, 384, 89 S.Ct. 1109, 1118, 22 L.Ed.2d 344.

The pre-emption doctrine announced in *Garmon*, supra, was qualified, or rather an exception was made thereto, in *Linn v. United Plant Guard Workers of America, Local 114* (1966) 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582. In *Linn* it was held that where either party to a labor dispute circulates false and defamatory statements during a union organizing campaign, the court does have jurisdiction to apply state remedies if the complainant pleads and proves that the statements were made with malice and injured him. More specifically, the Court limited the availability of state remedies for libel to those instances in which the complainant can show that the defamatory statements were made with knowledge of their falsity or with reckless disregard of whether such statements were true or false.

In the case at bar, the Plaintiffs alleged that the libellous publications were known by the Defendants to be false or in reckless disregard for the truth. We are of the opinion and hold that *Linn* governs the case at bar, and the Federal law does not

pre-empt the Plaintiffs' cause of action in the state court for defamation. See *Farah Manufacturing Co. v. Amalgamated Clothing Workers of America* (San Antonio CA 1972) 483 S.W.2d 271, 274, no writ.

Plaintiff-Appellants' second and remaining point asserts the trial court erred in dismissing the cause because the libellous publications in question are not absolutely privileged in the circumstances alleged by Plaintiff-Appellants. We agree that the publications are not absolutely privileged.

We recognize that Federal labor policies favor uninhibited, robust, and wide-open debate in labor disputes, and that Federal law gives unions license to use intemperate, abusive, or insulting language. See *Old Dominion Branch No. 496, National Assn. of Letter Carriers, AFL–CIO v. Austin* (1974) 418 U.S. 264, 94 S.Ct. 2770, 41 L.Ed.2d 745. However, *Old Dominion* does not depart from the *Linn* rule hereinabove set out. In other words, the freedom of expression is not immune unless it "falls short of a deliberate or reckless untruth."

In the case at bar Plaintiffs alleged that the defamatory publication included accusations in effect that Plaintiff Manchester was a thief, in that he "stole away in the night with (union) funds." Such alleged accusations when coupled with allegations that Defendants had knowledge of their falsity or were in reckless disregard of their falsity, in our opinion brings the instant case squarely under the rule announced in *Linn*, supra. Any privilege connected with the libellous statements would at best be qualified and not absolute.

For the reasons herein stated, we reverse and remand the cause to the trial court for reinstatement on the docket and trial on the merits.

REVERSED AND REMANDED.